UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHRISTINE TOWNSEND,

                                  **Plaintiff,**

v.

                                                                                     15-CV-704A(Sr)

**CITY OF BUFFALO, et al.,**

                                  **Defendants.**

_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. #6.

Plaintiff commenced this action seeking damages pursuant to 42 U.S.C. § 1983 and state law, alleging that she was subjected to, *inter alia*, warrantless entry into her home, excessive force, false arrest and malicious prosecution after she called 911 to complain about loose dogs in her neighborhood. Dkt. #1.

Currently before the Court is a motion to quash plaintiff's subpoena of defendant Daniel Derenda, Commissioner of the Buffalo Police Department, to testify and produce documents "pertaining to the internal review process of the Buffalo Police department relating to civilian complaints against Buffalo Police Officers. Dkt. #25.

Plaintiff does not oppose the motion.

Although the deadline for completion of discovery set forth in the Amended Case Management Order was January 20, 2017 (Dkt. #16), the subpoena was mailed to defendants' counsel in an envelope postmarked February 23, 2017. Dkt. #25-2, p.2. However, even setting aside the appropriateness of seeking discovery from a party by subpoena, and the failure to seek discovery from the defendant prior to the close of discovery, the testimony sought from Commissioner Derenda is irrelevant to plaintiff's claims in this action given that plaintiff testified at her deposition that she never filed a complaint with the Internal Affairs Division of the Buffalo Police Department. Dkt. #25-3, p.3. *See Redd v. City of Rochester*, 15-cv-6049, 2016 WL 4702831, at *1 (W.D.N.Y. September 7, 2016) (request for information regarding internal affairs policies and procedures for reviewing officer conduct and complaints made against officers denied as irrelevant because there was no allegation that any internal affairs complaints were filed). Accordingly, the motion to quash the subpoena is granted.

**SO ORDERED.**

DATED: Buffalo, New York
June 28, 2017

                                                 *s/ H. Kenneth Schroeder, Jr.*
                                                 **H. KENNETH SCHROEDER, JR.**
                                                 **United States Magistrate Judge**